# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

United States of America  
v.  

Lekanderick Pitts a/k/a "Landy"

Date of Original Judgment: July 29, 2020  
Date of Previous Amended Judgment: N/A  
*(Use Date of Last Amended Judgment if Any)*

Case No: 5:19-CR-00032-001

USM No: 01291-120

Jessica M. Lee  
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the Policy Statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.   ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of 106 months **is reduced to** 93.

*(Complete Parts I and II of Page 2 when motion is granted)*

The defendant was originally sentenced to 106 months imprisonment (to be served consecutively to the parole revocation imposed in Bibb County, Georgia Superior Court Case 14CR71387), after pleading guilty to Possession of a Stolen Firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). That sentence was six months above the bottom of the guideline range. At the time he was sentenced, the defendant's criminal history subtotal was six (6). As he was under a criminal justice sentence at the time he committed the instant offense, two (2) criminal history "status points" were added, yielding a total score of eight (8) and a Criminal History Category of IV. However, retroactive Amendment 821, Part A, of the *United States Sentencing Guidelines* reduces criminal history status points to one (1) point for defendants with seven (7) or more criminal history points; defendants with fewer than seven (7) criminal history points do not receive any additional points. Therefore, under the retroactive amendment, the defendant would not receive any points for being under a criminal justice sentence, his total criminal history score would be six (6), his Criminal History Category would be III, and his guideline sentencing range would be 87 to 108 months. The government concurs that the defendant is eligible for relief but opposes any reduction based upon the benefit the defendant received from the plea agreement (removing exposure to Career Offender and Armed Career Criminal penalties) and due to the sentencing factors set forth at 18 U.S.C. § 3553(a).

The Court, having taken into account the nature and circumstances of the offense and the benefit the defendant enjoyed from the plea agreement, hereby **GRANTS** the defendant's Motion for a Reduction of Sentence under Amendment 821 (Doc. 54) and reduces the imprisonment portion of the defendant's sentence to 93 months, a sentence six months above the bottom of the amended guideline range. This sentence shall be served consecutively to the parole revocation sentence imposed in Bibb County, Georgia Superior Court Case 14CR71387.

Except as otherwise provided, all provisions of the judgment dated July 29, 2020 shall remain in effect.

**IT IS SO ORDERED**.

Order Date: 6/25/2024

S/ Marc T. Treadwell  
*Judge's signature*

Effective Date: _____  
*(if different from order date)*

Marc T. Treadwell, U.S. District Judge  
*Printed name and title*